IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CESAR MASCARENAS DE LOS SANTOS,   Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. H-10-0252 |
| ERIC HOLDER, et al.,   Respondents. | § § | |

MEMORANDUM AND ORDER ON DISMISSAL

Before the Court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 and a Motion for a Temporary Restraining Order filed on January 27, 2010, by petitioner Cesar Mascarenas, through counsel. Petitioner is currently detained by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement (ICE) in the Houston Service Processing Center, awaiting removal to Mexico.

For the reasons to follow, the Court will dismiss the petition and the motion for injunctive relief.

STATEMENT OF THE CASE

Petitioner alleges the following: He is a highly educated physician and a citizen of Mexico. Upon his arrival at Bush Intercontinental Airport on December 18, 2009, petitioner was informed by agents of the U.S. Customs and Border Protection Services that his visitor's visa had been cancelled. Petitioner declined to depart immediately for Mexico and opted to remain in Houston, Texas, where he is currently detained.

Petitioner indicated to authorities at the airport that he had a well-founded fear of persecution because of his religious beliefs and activities upon his return to Mexico. On December 31, 2009, he participated in a credible fear interview pursuant to section 235(b) of the Immigration and Nationality Act. Thereafter, the asylum office issued a negative credible fear finding and referred his case to an immigration judge ("IJ"). On January 25, 2010, the IJ reviewed the negative credible fear finding. On January 26, 2010, the IJ issued a written decision finding that petitioner did not have a credible fear of return and ordered petitioner's immediate removal to Mexico.

Petitioner claims that the expedited removal process was unlawful because he possessed a valid visa when he sought entry into the United States on December 18, 2009. Petitioner claims that he had not received notice that the visa had been cancelled by the U.S. Embassy in Mexico City and that such cancellation would violate immigration regulations and the United States Constitution. He also challenges the negative credible fear findings.

Petitioner indicates that he has no administrative remedies available to challenge the finding that he is subject to expedited removal or the final order of removal. He further claims that he has no administrative remedies or appeals from the IJ's finding that he has no credible fear. He claims his removal will cause him irreparable harm and requests the following relief:   (a) a

temporary restraining order barring his removal until an evidentiary hearing can be held; (b) a preliminary injunction barring his removal to Mexico; (c) an order that his current custody is illegal and that he be released; and (d) an order requiring respondents to place him in removal proceedings because he has a credible fear and expedited removal has been unlawfully applied to him.

## ANALYSIS

Petitioner's claims are governed by the REAL ID Act, Pub.L. No. 109-13, 119, Stat. 231, (codified at, *inter alia*, 8 U.S.C. § 1252), which divests all district courts of jurisdiction over challenges to final orders of removal. *See* Hernandez-Castillo v. Moore, 436 F.3d 516, 518 (5th Cir.), *cert. denied*, 549 U.S. 810 (2006); Ramirez-Molina v. Ziglar, 436 F.3d 508, 512 (5th Cir. 2006); Rosales v. Bureau of Immigration & Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005), *cert. denied,* 546 U.S. 1106 (2006). Section 1252(a)(5), by its express terms, applies "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28...." 8 U.S.C. § 1252(a)(5). A subsequent paragraph of § 1252 provides that no court may "enter declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with section 1225(b)(1) of this title...." Id. §

1252(e)(1)(A).

The REAL ID Act does not preclude habeas review over challenges to detention that are *independent* of challenges to removal orders. Petitioner, however, does not frame his argument as a challenge to his detention and the facts of this case do not reflect an *independent* challenge to his continued detention pursuant to 8 U.S.C. § 1231(a)(3) or Zadvydas v. Davis, 533 U.S. 678 (2001).

Finally, since this petition was filed *after* the enactment of the REAL ID Act of 2005, the transfer provision found in § 106(c) of the REAL ID Act is not applicable to this case. REAL ID Act § 106(c), Pub. L. No. 109-13, 119 Stat. at 311.

## CONCLUSION

For the foregoing reasons, it is

ORDERED that Petitioner Cesar Mascarenas's Petition for Writ of Habeas Corpus (Document No. 1) and Motion for Temporary Injunction (Document No. 2) are DISMISSED for lack of jurisdiction, without prejudice to Petitioner seeking relief in the appropriate court of appeals.

The Clerk will enter this Order and provide a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 28TH day of January, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE